Andrew Moylan, Respondent, *v.* The Second Avenue Railroad Company, Appellant.

In an action to recover damages for injuries received by plaintiff while getting on one of defendant's street cars, it appeared that plaintiff was a man twenty-six years old, able-bodied and unincumbered; he waited for one of defendant's open cars upon a crosswalk and motioned for it to stop; when it had nearly stopped he put his foot on the step on the side of and near the middle of the car and took hold of the stanchion, and after the car had moved six or seven feet, he was struck by the wheel of a truck which was standing in the street. *Held,* that a refusal to nonsuit was error; that it was plaintiff's duty to see, before getting on the car, that there was no obstacle outside the car which would make it dangerous for him to attempt to get on board; and that if the injury was attributable to any negligence, it was, in part at least, that of plaintiff.

(Argued May 7, 1891; decided June 2, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 10, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The following is the opinion in full:

" The plaintiff was injured in June, 1890, while getting upon one of the defendant's cars in the city of New York, and he brought this action to recover damages for his injuries, alleging that they were caused by negligence attributable to the defendant.   Upon the trial he was the sole witness to prove how the injuries were caused, and upon that point his evidence upon direct examination was as follows : ' I waited for the car; I saw the car coming — an open car; I waived my finger and heard the whistle blow to stop the car; the car slacked; I stepped on the crosswalk and waited for the car, but the car never stopped; it nearly stopped; I waited for the center of the car, and put my foot on the step and took hold of the stanchion, and I heard the whistle blow and the horses went faster — very fast, and I was struck by a truck the other side before I had time to go in the car; the car started and the truck was in the street; the portion of my body which was not in the car struck an empty truck to which horses were attached.'

Upon his cross-examination he testified as follows : ' I struck the hub of the truck in about a second after the car started with me ; the car was moving at the time, but had nearly stopped ; I was struck about six or seven feet from the crossing where I got on.' The defendant called but one witness to the accident, a passenger in the car. His evidence was in the main like that of the plaintiff. He testified that the plaintiff got upon the sideboard about the middle of the car while the car was moving slowly, and before he got into the car, about six or eight feet from where he got on, the hub of the hind wheel of the truck struck his foot, and the car stopped about the middle of the truck. He did not observe that the speed of the car was accelerated after the plaintiff got on.

" The plaintiff was a young man twenty-six years old in good health, and at the time of the accident unincumbered.

" Upon these facts we think the plaintiff should have been nonsuited. It is impossible for us to perceive wherein the defendant was guilty of negligence, or if it was guilty, wherein it was more guilty than the plaintiff. It was not careless for the plaintiff to attempt to enter the car while it was slowly moving. Thousands of young men get on and off street cars daily and are permitted to do so in perfect safety. No negligence can, therefore, be imputed to the defendant merely because it did not stop the car for the plaintiff. But for the truck in the street he would have entered the car in safety, and would have been uninjured. The sole question, therefore, is whether the defendant ought to have guarded the plaintiff against injury from the truck in the street near its track. It was not bound to know that the truck was temporarily there so close to its track that there was danger that a person attempting to get into one of its cars might be injured by collision therewith. There was no evidence that the driver or conductor of the car saw the truck or perceived the danger, and it does not even appear that the conductor was in a position to see the truck. The plaintiff when he attempted to get upon the car was probably nearer the truck than the conductor was and he had a better opportunity to see the truck than the conductor had, as it was on the same side of the car with him, near him, in plain sight, in fact in his immediate

presence. If the conductor was careless in not seeing it he was more careless. If the conductor was bound to guard him against the danger so he was also bound to care for himself. It was his duty to see for himself that there was no obstacle in his immediate presence outside of the car and the railway track, which made it dangerous for him to attempt to enter the moving car.

" It cannot be claimed upon the evidence that the defendant caused the accident by any undue acceleration of the speed of the car. The car was moving slowly and had nearly stopped when he stepped upon it, and in about one second and before the car had gone eight feet, he struck the truck. It is utterly impossible that the car could have greatly increased its speed in that short space of time and that limited distance.

" The injury to the plaintiff, therefore, seems to have been the result of an accident. But if it was due to any negligence it was due more to his own negligence than that of the defendant.

" The judgment should be reversed and a new trial granted, costs to abide the event."

*Augustus S. Hutchins* for appellant.

*Frederick S. Massey* for respondent.

EARL, J., reads for reversal.
All concur.
Judgment reversed.